# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHN DEVIN RINGGOLD,<br><br>　　　　Defendant. | Case Nos. 2:03-CR-00423-KJD-RJJ<br>　　　　　　2:05-CV-00915-KJD-RJJ<br><br>**ORDER** |

　　　　Presently, the Court has before it Movant John Devin Ringgold's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#41). The Government filed a response in opposition (#55), to which Movant filed a reply (#56). Additionally, the Court has before it Movant's Motion for Appointment of Counsel (#51) and Motion for Leave to Proceed in Forma Pauperis (#52).

**I.  Background.**

　　　　On September 9, 2003, at approximately 10:30 p.m., Movant was traveling northbound on I-15 and driving a black Nissan Maxima with Missouri license plates.  He was speeding, traveling 80 miles per hour in a 65 mile per hour zone, and his rear license plate light was not working.  Officers stopped Movant and approached the car to discuss the infractions.  Movant, who was driving, produced his Pennsylvania license and the Missouri registration for the vehicle, which was registered

to another person. The officers noticed that Movant was nervous, breathing heavily and his hands were shaking. Furthermore, a strong odor from an air freshener was detected. The officers also noticed that the seams of the passenger's side air bag were not flush with the dashboard. At this point, the officers asked Movant to exit the vehicle and proceed towards the patrol car. Movant complied. While the officers were conducting a records check, Movant was asked if he could be patted down to make sure that he did not have any weapons. Movant told the officers that he was helping his niece move from Missouri to Las Vegas. Movant stated that he was returning from the state line where he had been at "the casino with the roller coaster." During the ten to fifteen minutes the records check was occurring, Movant did not make eye contact with the officers and was looking off into the desert.

The records check revealed that Movant had no outstanding warrants, that he had a valid driver's license but that he had a criminal history for domestic violence. The check also revealed that the car was properly registered. However, a more detailed inquiry revealed that Movant had been stopped in Oklahoma and police had confiscated $660,000 from a hidden compartment in the truck in which he was traveling. After the records check, the officers returned the documents to Movant and gave him only a verbal warning about speeding and the defective light. As Movant started to walk back to his car, the officers asked Movant if he would answer a few questions. Movant agreed. Movant was asked if he had any weapons, drugs or large sums of money in the vehicle. He responded that there were none. The officers then asked for consent to search the vehicle. After a detailed discussion about the search, Movant signed the consent form and allowed the officers to use a narcotics-sniffing dog. The dog alerted to the backseat of the car. A hidden compartment was found behind the rear seat containing five bundles of cocaine weighing a total of 13.7 pounds.

On September 24, 2003, a federal grand jury returned a single-count indictment charging the Movant with possession with intent to distribute cocaine. Movant, through his counsel Rene Valladares, filed a motion to suppress the cocaine arguing that it was seized in violation of the Fourth Amendment. A magistrate judge held an evidentiary hearing on January 12, 2004. On January 29,

2004, the magistrate judge filed a report recommending the denial of the motion to suppress. Movant's counsel filed written objections to the report. The Court overruled the objections, adopted the report and denied the motion to suppress.

The Movant pled guilty on April 21, 2004, reserving his right to appeal the denial of his suppression motion. On July 27, 2004, the Court entered judgment and sentenced Movant to seventy-eight (78) months imprisonment. Movant's counsel filed a timely notice of appeal and later filed a detailed brief raising the suppression issues. On April 28, 2005, the Ninth Circuit affirmed the Court's denial of the Movant's motion to suppress. On July 29, 2005, Movant, through his appointed counsel filed a Petition for Writ of Certiorari which the United States Supreme Court denied on October 3, 2005. While his Petition for Writ of Certiorari was pending, Movant filed the instant § 2255 motion arguing that the search of his vehicle and seizure of the cocaine violated the Fourth Amendment and that his counsel rendered ineffective assistance during the trial stage.[1]

**II.  Analysis.**

A § 2255 motion has long been available to attack convictions and sentences where the court at issue lacked jurisdiction or where claims of constitutional error occurred. See United States v. Addonizio, 442 U.S. 178, 185 (1979). Non-constitutional and non-jurisdictional errors may also be raised in a § 2255 motion. See id. However, such an error does not provide a basis for collateral attack unless it is a fundamental defect which inherently results in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure. See id. Finally, review under § 2255 is not available as to claims previously rejected on their merits on direct appeal. See Kaufman v. United States, 394 U.S. 217, 227 n.8 (1969), overruled on other grounds by Stone v. Powell, 428 U.S. 465 (1976); United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985). Exceptions to the "previously determined" rule include cases where there is an intervening change in the law or

---

[1] The Government had filed a motion to dismiss arguing that the Court lacked jurisdiction due to Movant's filing of the petition for writ of certiorari. The Court denied the Government's motion after the United States Supreme Court had denied the petition.

1 other countervailing equitable considerations.  See Davis v. United States, 417 U.S. 333, 342 (1974),
2 Underwood v. United States, 15 F.3d 16, 18 (2d Cir. 1993); see also Withrow v. Williams, 507 U.S.
3 680, 720-21 (1993) (Scalia, J., concurring in part, dissenting in part).  The general rule is that a writ
4 of habeas corpus or a § 2255 motion will not be allowed to be a recapitulation or substitute for an
5 appeal.  See Reed v. Farley, 512 U.S. 339, 354 (1994); Daniels v. United States, 26 F.3d 706, 711
6 (7th Cir. 1994).

7 Movant first challenges the denial of the motion to suppress as well as requests suppression
8 based on other issues not raised previously.  This challenge fails for two primary reasons.  First,
9 Movant raised this claim on his direct appeal.  See United States v. Ringgold, No. 04-10416, 2005
10 WL 977012 (9th Cir. Apr. 28, 2005).  The Ninth Circuit found that under the totality of the
11 circumstances, reasonable suspicion existed to justify the additional inquiries made during the traffic
12 stop and that Movant's consent to the search was indeed voluntary.  In his § 2255 motion, Movant
13 essentially reasserts the merits of his appellate argument.  Moreover, Movant fails to argue in this
14 motion that there has been an intervening change in the law or other countervailing considerations.
15 See Davis, 417 U.S. at 342, Underwood, 15 F.3d at 18; see also Withrow, 507 U.S. at 720-21.
16 Because the identical issues were raised and decided on direct appeal, Movant's Fourth Amendment
17 claims are now precluded any § 2255 relief.  See Daniels, 26 F.3d at 711-12.

18 Second, Movant's Fourth Amendment claims are not cognizable on collateral review.  Here,
19 Movant had a full and fair opportunity to raise these issues at the trial level and on direct appeal.
20 Accordingly, Movant cannot raise such exclusionary claims in the instant § 2255 motion.  See United
21 States v. Hearst, 638 F.2d 1190, 1196 (9th Cir. 1980); see also Stone v. Powell, 428 U.S. 465, 494
22 (1976).[2]

---

25 [2]Movant raises some Fourth Amendment arguments that were not addressed at the trial or appellate level.  If these Fourth Amendment arguments were never raised, the proper procedure is to argue ineffective assistance of counsel and not to raise them independently in a § 2255 motion.  See
26 Hearst, 638 F.2d at 1196.

4

Movant's remaining claim is one of ineffective assistance of counsel. The familiar two-pronged test defined in Strickland v. Washington, 466 U.S. 668 (1984), controls claims asserting ineffective assistance of counsel. Under the first prong, the § 2255 movant must demonstrate that counsel's conduct was constitutionally deficient in that it fell below an objective standard of reasonableness. See id. at 688. In evaluating counsel's performance, courts must not engage in the distorting analysis of hindsight; rather, they must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors. See id. at 690. Furthermore, because counsel's competence is presumed, to satisfy this prong, a movant must rebut this presumption by proving that his counsel's representation was unreasonable under prevailing professional norms. See Kimmelman v. Morrison, 477 U.S. 365, 384 (1986). To satisfy the second prong, the movant must demonstrate that counsel's deficient performance prejudiced him. See Strickland, 466 U.S. at 687. Typically, the movant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 694. The burden is undoubtedly on the movant and unless he proves both prongs, his claims fail. See id. at 687.

Here, Movant fails to make a credible claim of ineffective assistance. First, counsel's performance were objectively reasonable. Mr. Valladares diligently pursued the Fourth Amendment issues. While counsel did not raise or do everything that Movant has now been able to conceive of the last couple of years, this does not make counsel's representation unreasonable. Mr. Valladares submitted a well-reasoned brief on the key and most promising issues concerning the search and seizure. Mr. Valladares was thoroughly prepared for the suppression hearing. At the hearing, Mr. Valladares left the decision to take the stand solely on Movant. To prepare for the hearing, Mr. Valladares met with Movant at the jail on several occasions, obtained copies of the official training manual and utilized them during the cross-examination of the officers, and subpoenaed copies of the audio tape recordings of the radio traffic arising from the stop and all telephone calls to and from the communications center of the Nevada Highway Patrol. Finally, Mr. Valladares states in his affidavit

that he kept Movant aware of all stages of the criminal proceeding concerning the motion to suppress, especially what issues were going to be raised in the motion, and that Movant agreed that this was the most fruitful course of action. Movant never disputes this. Rather, with 20/20 hindsight, Movant argues that counsel should have raised every conceivable argument, no matter how tenuous, the failure of which allegedly renders counsel's representation unreasonable. Contrary to Movant's conclusory arguments, counsel's performance was reasonable. The Sixth Amendment does not require counsel to raise every conceivable argument during a hearing or in a motion. Here, counsel raised what appeared at the time to be the most fruitful issues well within the confines of the Sixth Amendment.[3]

Second, Movant cannot prove the second prong of the Strickland test. Despite conclusory arguments otherwise, Movant fails to explain how he was prejudiced. Wishful thinking that the result of the suppression hearing would have been different if only counsel would have raised every issue that Movant has now imagined does not constitute "reasonable probability." Again, citation to a newspaper article also does not constitute "reasonable probability."

---

[3] In his reply, Movant abandons the myriad of things counsel should have done and instead focuses on two issues. Unfortunately for Movant, Counsel's failure to do either one does not constitute ineffective assistance. Movant first asserts that counsel failed to argue that his stop was the result of racial profiling. The facts surrounding his stop render this argument as one of least fruitful to raise. The officers' report indicates that Movant was stopped at 10:30 p.m. near mile marker 30, which is most likely an unlit portion of northbound I-15. At that time of night on that portion of the Interstate, Movant's race would have been very difficult, if not impossible, to discern while Movant was driving 80 mph. Movant's citation to an article in the Las Vegas Review Journal, while informative, does not prove his case. The fact, one of the officers involved in his stop, was early challenged in a different criminal case to have been involved in racial profiling, does not mean every stop he has effected was similarly tainted. That is a logical fallacy.

Again citing to this newpaper article, Movant next argues that counsel rendered ineffective assistance by not obtaining the "videotape" of his arrest. Counsel states that he did not subpeona an allegedly exculpatory videotape because he had no reason to believe that there was such a videotape involved in the stop or search. Movant's only response is that he told counsel he observed an operational camera. Movant fails to specify in either his motion or reply how he saw the video camera or how he knew it was operational. Assuming that he did tell counsel the same conclusory statements, the facts surrounding his stop – at night on an unlighted portion of the freeway with the headlights of the officers' vehicle on – would easily render this as one of the least fruitful inquiries to raise in the motion to suppress.

### III. Conclusion.

Movant's arguments concerning the Fourth Amendment lack merit as they were previously raised on direct review and are not cognizable on collateral review. Movant's ineffective assistance claim also fails. Failure to raise every issue of which Movant has now conceived does not render counsel's performance unreasonable especially in light of the diligence counsel exhibited in raising what both Movant and he thought were the most fruitful issues. Moreover, Movant has failed to show prejudice despite his conclusory statements otherwise.

Accordingly, IT IS HEREBY ORDERED that Movant John Devin Ringgold's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#41) is **DENIED**.

IT IS FURTHER ORDERED that Movant's Motion for Appointment of Counsel (#51) and Motion for Leave to Proceed in Forma Pauperis (#52) are **DENIED as MOOT**.

DATED this 22nd day of February 2007.

_____
Kent J. Dawson
United States District Judge